**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP - 9 2003

DAVID J. MALAND, CLERK
BY _____
DEPUTY

| | | |
|---|---|---|
| YOLANDA AUGUST, Individually and on behalf of all others similarly situated, | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | Civil Action No. _1:03CV787_ |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT AND DR. CARROL THOMAS, | § § § § | **JURY TRIAL DEMANDED**  Judge Heartfield |
| **Defendants.** | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Yolanda August, individually and on behalf of all others similarly situated, ("Plaintiff" or "Putative Class Members") brings this action against Defendants Beaumont Independent School District and Dr. Carrol Thomas (collectively, "BISD" or "Defendants") and would show as follows:

**I.
OVERVIEW**

1.      This is a collective action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.      Plaintiff is an hourly and salaried bus driver and office clerk that was not paid overtime for all hours worked in excess of 40 hours a week in accordance with the FLSA.  Specifically, Defendants regularly required Plaintiff and those who are similarly situated to routinely work "off the clock" with little to no additional compensation. Moreover, Defendants implemented and used an impermissible "compensation" scheme intended to keep employees from receiving overtime pay in accordance with the FLSA.

3.        Accordingly, Plaintiff Yolanda August ("August") brings this action on behalf of herself and all others similarly situated current and former employees of Defendants to remedy Defendants' unlawful conduct and to recover unpaid overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
### PARTIES

4.        Plaintiff Yolanda August is an individual who resides in Beaumont, Jefferson County, Texas.  August was employed as a bus driver and office clerk by Defendants within the meaning of the FLSA during the relevant three-year period. August was unlawfully subjected to Defendants' unlawful compensation scheme and did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week.  August's consent to this action is attached hereto as Exhibit 1.

5.        The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as "all current and former hourly and salaried employees of BISD who were required to work off the clock and were not paid overtime compensation for all hours worked in excess of 40 hours per week." ("Putative Class Members")  The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants, or its related and affiliated entities.  The relevant time period for purposes of the collection action is September 9, 2000 to present. Additionally, the class of similarly situated employees is believed to include all hourly and non-exempt salaried custodians, maintenance workers, secretaries, teachers' aides, bus drivers, cafeteria employees, and clerical/administrative assistants.

6.          Defendant Beaumont Independent School District is a Texas public school district.   During the relevant time period BISD acting through its affiliates and subsidiaries, created, ratified and implemented Defendants' unlawful payment scheme. Thus, BISD has acted directly or indirectly as an employer with respect to the named Plaintiff and all those similarly situated within the meaning of the FLSA.  BISD may be served with process by serving its superintendent, Dr. Carrol Thomas at the BISD Administrative Building, 3395 Harrison Avenue, Beaumont, Texas 77706, or wherever he may be found.

7.          Defendant Dr. Carrol Thomas ("Thomas") is the Superintendent for BISD. During the relevant time period, Thomas acting through his agents and employees, created, ratified, implemented and enforced Defendants' unlawful payment scheme. Thus, Thomas has acted directly or indirectly as an employer with respect to the named Plaintiffs and all those similarly situated within the meaning of the FLSA.  Thomas may be served with process at his place of business at the BISD Administrative Building, 3395 Harrison Avenue, Beaumont, Texas 77706, or wherever he may be found.

8.          All Defendants are engaged in related activities, are under a unified operation or common control, and share a common purpose.  Moreover, all Defendants have acted as joint employers in relation to the named Plaintiff and the Putative Class Members.   Moreover, all Defendants have directly or indirectly controlled, created, authorized and ratified all Defendants unlawful payment scheme with respect to all hourly and salaried employees of BISD. Defendants constitute an enterprise within the meaning of the FLSA.

### III.
### JURISDICTION

9.　　　　This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.  Plaintiff's claims arise under §§ 7(a)(1), and 16(b) of the FLSA.  29 U.S.C. §§ 207(a)(1), and 216(b).　Additionally, this Court has personal jurisdiction over all Defendants, since Defendants maintain and have maintained sufficient contacts with the State of Texas.

### IV.
### VENUE

10.　　　　Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(a) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

### V.
### COVERAGE UNDER THE FLSA

11.　　　　At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.　　　　At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.　　　　At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of the FLSA

14.　　　　At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees as required by 29 U.S.C. §§ 206-207.

## VI.
### FACTS

15.　　　Defendants operate schools, administrative offices and warehouses throughout Beaumont, Texas. At all times relevant to this action, Plaintiff and all those similarly situated were employed by Defendants as hourly and non-exempt salaried custodians, maintenance workers, secretaries, teachers' aides, bus drivers, cafeteria employees, and clerical/administrative assistants. During the relevant time period, the Putative Class Members were subjected to Defendants' unlawful compensation scheme and were not paid overtime for all hours worked in excess of 40 hours a week.

16.　　　Upon information and belief, BISD failed to compensate all of its hourly and non-exempt salaried employees for all hours worked in excess of 40 hours a week. Specifically, Plaintiff contends that BISD regularly required all of its employees, including, but not limited to all hourly and non-exempt salaried custodians, maintenance men, secretaries, teachers' aides, bus drivers, cafeteria workers, and clerical employees to work "off the clock." Plaintiff contends that Defendants pattern of FLSA violations are widespread and ongoing.

17.　　　Plaintiff and all those similarly situated frequently worked through lunch and after hours without additional compensation. Plaintiff regularly worked in excess of 45-50 hours a week and received very little compensation. Plaintiff is aware of other current and former employees who are similarly situated and were not properly paid for the hours they worked in excess of 40 hours per week. Accordingly, Plaintiff and all those similarly situated contend that Defendants owe its hourly and non-exempt salaried employees overtime compensation under 29 U.S.C. §207(a)(1).

## VII.
### FLSA VIOLATIONS

18.         During the relevant period, Defendants have violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

19.         Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation.  The decision by Defendants to not pay overtime compensation to hourly and salaried non-exempt employees was neither reasonable nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII.
### RELIEF SOUGHT

20.         WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.         For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.      For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c.      For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d.      For an Order awarding Plaintiff unpaid benefits and compensation in connection with the misclassification;

e.      For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FIBICH, HAMPTON,**
**LEEBRON & GARTH, L.L.P**

By: _____
        Michael A. Josephson
        State Bar No. 24014780
        Five Houston Center
        1401 McKinney, Suite 1800
        Houston, Texas 77010
        713-751-0025 (Telephone)
        713-751-0030 (Facsimile)

ATTORNEY IN CHARGE FOR PLAINTIFFS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **YOLANDA AUGUST, Individually and on behalf of all others similarly situated,** | § § § § | |
| **Plaintiff,** | § § | **Civil Action No. _____** |
| **vs.** | § § | |
| **BEAUMONT INDEPENDENT SCHOOL DISTRICT, et al.** | § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

---

### NOTICE OF CONSENT

---

I AM A CURRENT OR FORMER EMPLOYEE OF BEAUMONT INDEPENDENT SCHOOL DISTRICT. I HEREBY CONSENT TO BE A PARTY PLAINTIFF IN THE ABOVE-CAPTIONED LAWSUIT TO COLLECT UNPAID WAGES FROM DEFENDANT.  I HAVE BEEN GIVEN AN OPPORTUNITY TO REQUEST AND REVIEW A COPY OF THE EMPLOYMENT SERVICES AGREEMENT WITH MICHAEL A. JOSEPHSON AND AGREE TO BE BOUND BY ITS TERMS.

**FULL LEGAL NAME:**
Yolanda La'Rachel August

**STREET ADDRESS:**
2120 Cartwright

**CITY/STATE/ZIP CODE:**
Beaumont, Texas 77701

**PHONE NUMBER:**
409-833-4874 or 835-9883

**SIGNATURE/DATE:**
Yolanda August    Aug. 6/2003

**EXHIBIT**
1